# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABLITY LITIGATION

Case No. 2:18-md-2846

**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

**This Document Relates to:**

Guadalupe Martinez

Civil Action No. _____

## SHORT FORM COMPLAINT

Plaintiff(s) file(s) this Short Form Complaint Pursuant to Case Management Order No. 9 and is/are to be bound by the rights, protections, and privileges and obligations of that Order. Plaintiff(s) hereby incorporate(s) the Master Complaint in MDL No. 2846 by reference. Plaintiff(s) further show(s) the Court as follows:

1. The name of the person implanted with Defendants' Hernia Mesh Device(s):

   Guadalupe Martinez

2. The name of any Consortium Plaintiff (if applicable):

   N/A

3. Other Plaintiff(s) and Capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. State of Residence:

   Texas

5. District Court and Division in which action would have been filed absent direct filing:

   United States District Court for the Western District of Texas, San Antonio Division

6. Defendants (Check Defendants against whom Complaint is made):

   ☒   A.  Davol, Inc.

  ☒  B. C.R. Bard, Inc.

  ☐  C. Other (please list: _____)

7. Identify which Defendants' Hernia Mesh Device(s) was/were implanted (Check device(s) implanted):

  ☐  3DMax Mesh

  ☐  3DMax Light Mesh

  ☐  Bard (Marlex) Mesh Dart

  ☐  Bard Mesh

  ☐  Bard Soft Mesh

  ☐  Composix

  ☐  Composix E/X

  ☐  Composix Kugel Hernia Patch

  ☐  Composix L/P

  ☐  Kugel Hernia Patch

  ☐  Marlex

  ☐  Modified Kugel Hernia Patch

  ☐  Perfix Light Plug

  ☐  Perfix Plug

  ☐  Sepramesh IP

  ☐  Sperma-Tex

  ☐  Ventralex Hernia Patch

  ☐  Ventralex ST Patch

  ☐  Ventralight ST

  ☐  Ventrio Patch

  ☐  Ventrio ST

  ☐  Visilex

  ☒  Other (please list in space provided below):

    Dulex Mesh

8. Defendants' Hernia Mesh Device(s) about which Plaintiff is making a claim (Check applicable device(s)):

  ☐  3DMax Mesh

  ☐  3DMax Light Mesh

  ☐  Bard (Marlex) Mesh Dart

  ☐  Bard Mesh

  ☐  Bard Soft Mesh

  ☐  Composix

  ☐  Composix E/X

  ☐  Composix Kugel Hernia Patch

  ☐  Composix L/P

  ☐  Kugel Hernia Patch

  ☐  Marlex

  ☐  Modified Kugel Hernia Patch

  ☐  Perfix Light Plug

  ☐  Perfix Plug

  ☐  Sepramesh IP

  ☐  Sperma-Tex

  ☐  Ventralex Hernia Patch

  ☐  Ventralex ST Patch

  ☐  Ventralight ST

  ☐  Ventrio Patch

  ☐  Ventrio ST

  ☐  Visilex

  ☒  Other (please list in space provided below):

    Dulex Mesh

9. Date of Implantation and state of implantation: <u>December 9, 2008; Texas</u>

10. As of the date of filing this Short Form Complaint, has the person implanted with Defendants' Hernia Mesh Device(s) had subsequent surgical intervention due to the Hernia Mesh Device(s)?: ☒ Yes ☐ No

11. Basis of Jurisdiction:
    - ☒ Diversity of Citizenship
    - ☐ Other: _____

12. Counts in the Master Complaint adopted by Plaintiff(s):
    - ☒ Count I – Strict Product Liability – Defective Design
    - ☒ Count II – Strict Product Liability – Failure to Warn
    - ☒ Count III – Strict Product Liability – Manufacturing Defect
    - ☒ Count IV – Negligence
    - ☒ Count V – Negligence Per Se
    - ☒ Count VI – Gross Negligence
    - ☒ Count VII – State Consumer Protection Laws (Please identify applicable State Consumer Protection law(s)):
      <u>Texas</u>
    - ☒ Count VIII – Breach of Implied Warranty
    - ☒ Count IX – Breach of Express Warranty
    - ☒ Count X – Negligent Infliction of Emotional Distress
    - ☒ Count XI – Intentional Infliction of Emotional Distress
    - ☒ Count XII – Negligent Misrepresentation
    - ☒ Count XIII - Fraud and Fraudulent Misrepresentation
    - ☒ Count XIV – Fraudulent Concealment
    - ☐ Count XV – Wrongful Death
    - ☐ Count XVI – Loss of Consortium

☒ Count XVII – Punitive Damages

☒ Other Count(s) (please identify and state factual and legal bases for other claims not included in the Master Complaint below): Discovery Rule

<u>Until recently, Plaintiff did not suspect, nor did Plaintiff have reason to suspect, that wrongdoing had caused Plaintiff injuries. In addition, Plaintiff did not have reason to suspect the tortious nature of the conduct causing the injuries, until recently and has filed the herein action well within the applicable statute of limitations period. Plaintiff had no knowledge of the wrongful conduct of the Defendants as set forth herein, nor did Plaintiff have access to the information regarding other injuries and complaints in the possession of Defendants. Additionally, Plaintiff was prevented from discovering this information sooner because Defendant misrepresented and continues to misrepresent to the public, to the medical profession and to Plaintiff that Bard hernia mesh products are safe and free from serious side effects. Defendants have fraudulently concealed facts and information that could have led Plaintiff to an earlier discovery of potential causes of action.</u>

☒ Jury Trial is Demanded as to All Counts

☐ Jury Trial is NOT Demanded as to All Counts; if Jury Trial is Demanded as to Any Count(s), identify which ones (list below):

*/s/Rachel P. Richardson*
Rachel P. Richardson
MN Bar No. 0401902
Rhett A. McSweeney
MN Bar No. 269542
McSweeney/Langevin LLC
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (612) 746-4646
Facsimile: (612) 454-2678
ram@westrikeback.com
rachelr@westrikeback.com

**Attorneys for Plaintiff**